IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | NO. 05-CR-307 |
| REGINALD YOUNG | : | |

**SURRICK, J.**                                                    **JANUARY _2, 2008**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court are Defendant Reginald Young's Motions and Supplemental

Motion For Judgment Of Acquittal Pursuant to Federal Rule of Criminal Procedure Rule 29(c)

And Motion For A New Trial Pursuant to Federal Rule of Criminal Procedure Rule 33 (Doc.

Nos. 151, 153, 189).  For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND**

Defendant Reginald Young was indicted on one count of conspiracy to distribute 500

grams or more of cocaine, and 100 grams or more of heroin, from at least in or about February,

2004 through on or about July 30, 2004, in violation of 21 U.S.C. § 846 (Count One); one count

of possession with intent to distribute 500 grams or more of cocaine on or about July 30, 2004,

and aiding and abetting the commission of the offense, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B) (Count Two); and one count of possession with intent to distribute 100 grams or more

of heroin on or about July 30, 2004, and aiding and abetting the commission of the offense, again

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Three).  (Doc. No. 154 at 1.)  On

June 8, 2006, Defendant was found guilty by a jury on all three counts.  (Tr. 5-6, June 8, 2006.)

The jury unanimously agreed that over 500 grams of cocaine and 100 grams of heroin were involved in the crime.  (*Id.*)  Defendant now seeks relief pursuant to Federal Rules of Criminal Procedure 29 and 33 on the grounds that the evidence was not sufficient to support the jury's findings.  (Doc. No. 151.)  Defendant also contends that evidence of a vacuum sealer and money as well as certain character evidence were improperly admitted at trial.  (Doc. Nos. 153, 189.)  Defendant further contends that he was deprived of due process under the Fifth and Fourteenth Amendments of the United States Constitution by the failure of the Government to offer into evidence at trial the narcotics recovered at the time of the arrests of his co-conspirators, Ricardo Rodriguez and Basilio Ramirez.  Finally, Defendant contends that his due process rights were violated because the jury failed to deliberate an adequate amount of time in light of the severity of the charges.[1]  (Doc. No. 153.)

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides, in pertinent part: "[t]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  This motion may be made after the jury has reached a verdict of guilty.  Fed. R. Crim. P. 29(c).  "The sole foundation upon which a

---

[1] Defendant also moved for a new trial on the grounds on ineffective assistance of counsel in violation of his rights under the Sixth Amendment.  (Doc. No. 189.)  "Ineffective assistance of counsel claims are not generally entertained on direct appeal."  *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).  *See also United States v. Dooley*, 54 Fed. App. 52, 54 (3d Cir. 2002) (citing *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998)).  There is an exception to this rule in cases where the ineffective assistance of counsel is apparent on the face of the record, and no further evidentiary hearing is required to develop the facts.  *Government of the Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984).  *See also Dooley*, 54 Fed. Appx. at 54 (citing *United States v. Theodoropoulous*, 866 F.2d 587, 598 (3d Cir. 1989), overruled on other grounds, *United States v. Price*, 76 F.3d 526 (3d Cir. 1996)).  This case does not fall within the exception.

judgment of acquittal should be based is a successful challenge to the sufficiency of the government's evidence." *United States v. Carter*, 966 F. Supp. 336, 340 (E.D. Pa. 1997) (citing *United States v. Frumento*, 426 F. Supp. 797, 802 n.5 (E.D. Pa. 1976), aff'd, 563 F.2d 1083 (3d Cir. 1977), cert. denied, 434 U.S. 1072 (1978)); *see also* 2A Charles Alan Wright, Federal Practice and Procedure § 466 (3d ed. 2000) ("There is only one ground for a motion for a judgment of acquittal.  This is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment or information." (internal quotation omitted)). The court's duty in considering a motion for judgment of acquittal under Rule 29 is to determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  The evidence must be viewed as a whole, in the light most favorable to the prosecution, and we must presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences.  *See United States v. Iafelice,* 978 F.2d 92, 94 (3d Cir. 1992).  The jury's verdict must be upheld unless, after a careful review of the evidence in the light most favorable to the prosecution, the court concludes that no rational jury could have found the defendant guilty beyond a reasonable doubt.  *Jackson,* 443 U.S. at 319; *United States v. Ashfield,* 735 F.2d 101, 106 (3d Cir. 1984).  The evidence need not unequivocally point to Defendant's guilt as long as it permits the jury to find Defendant guilty beyond a reasonable doubt.  *United States v. Pungitore*, 910 F.2d 1084, 1129 (3d Cir. 1990). Federal Rule of Criminal Procedure 29(c) applies only to the sufficiency of the evidence  to support the jury's verdict.  *United States v. Rivers*, 406 F.Supp. 709, 711 n.1 (E.D.Pa. 1975) (noting the sole ground for a judgment of acquittal is sufficiency of the evidence, and declining

to apply the Rule 29 standard to a due process claim and an erroneous jury charge claim), aff'd,
544 F.2d 513 (3d Cir. 1976).

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion,
the court may vacate any judgment and grant a new trial if the interest of justice so requires."
Fed. R. Crim. P. 33(a).  Under Rule 33(a) the court must "weigh the evidence, but . . . set aside
the verdict and grant a new trial only if . . . the verdict constitutes a miscarriage of justice, or if . .
. an error at trial had a substantial influence on the verdict."  *United States v. Enigwe*, Crim. A.
No. 92-00257, 1992 WL 382325, at *4 (E.D. Pa. Dec. 9, 1992) (citation omitted).  The court may
exercise its discretion to grant a new trial only "where there is a serious danger that a miscarriage
of justice has occurred."  *United States v. Suggs,* 230 Fed. Appx. 175, 185 (3d Cir. 2007).  In
contrast to a motion under Rule 29, a motion for a new trial does not require the court to view the
evidence in the light most favorable to the government.  Rather, the court must weigh the
evidence and evaluate the credibility of witnesses.  *See United States v. Rennert,* Crim. A. No.
96-51, 1997 WL 597854, at *17 (E.D. Pa. Sept. 17, 1997) (citing *United States v. Martinez,* 763
F.2d 1297, 1312 (11th Cir. 1985)).

## III.    LEGAL ANALYSIS

### A.      Sufficiency of the Evidence to Support the Jury's Findings

Defendant argues that the evidence presented at trial was legally insufficient to support
the jury's findings.  (Doc. Nos. 151, 153.)  We disagree.  Viewing the evidence and the logical
inferences to be drawn therefrom in the light most favorable to the government, it is clear that the
evidence supporting the jury's conclusion that Defendant was guilty on all counts was not only
sufficient, it was overwhelming.  The Government's evidence included the testimony of two of

4

Defendant's co-conspirators.  Co-defendants Basilio Ramirez and Ricardo Rodriguez had entered

pleas of guilty and were cooperating with the Government.  Both testified in detail concerning

Defendant's participation in the drug conspiracy.  The uncorroborated testimony of these

accomplices was sufficient by itself to support the verdict of the jury.  *United States v. De*

*Larosa*, 450 F.2d 1057, 1060 (3d Cir. 1971) (referencing *Caminetti v. United States*, 242 U.S.

470 (1917)).  However, the Government presented much more than just the testimony of these

co-conspirators.  There was testimony from federal agents concerning surveillance that was

conducted of Defendant and the co-defendants.  The testimony was supplemented by

photographs taken during the surveillance.  The surveillance and photographs placed Defendant

at the scene of the final drug transaction where cocaine and heroin were transferred.  There were

telephone records which established multiple contacts between Defendant and the co-

conspirators during the seven-month conspiracy.  There was testimony from Defendant's

girlfriend that linked Defendant to the co-conspirators and corroborated the testimony of the

federal agents, concerning the surveillance.  And there was physical evidence seized by the

federal agents which was submitted for the jury's consideration, that supported the fact that

Defendant and his co-defendants were bringing illegal drugs from Mexico and Texas to

Philadelphia for distribution.  Finally, there was a stipulation that established that the drugs

seized by the federal agents as a result of this drug investigation consisted of 4.1 kilograms of

cocaine and 917 grams of heroin.  We reject Defendant's suggestion that the evidence in this case

was not sufficient to support the verdict of the jury.  Moreover, there was no miscarriage of

justice here.  Defendant's Motion for judgment of acquittal or a new trial will be denied.

**B.      Improperly Admitted Evidence**

Defendant also seeks a new trial on the grounds that certain evidence was improperly presented to the jury causing significant prejudice to him.  "Where a claim is made that evidence was improperly admitted or excluded, a new trial should be granted if the error was 'of sufficient magnitude to require reversal on appeal.'" *United States v. Ringwalt*, 213 F.Supp.2d 499, 508 (E.D.Pa. 2002) (citing 3 Charles A. Wright, et al., Federal Practice and Procedure: Criminal, § 556, at 306, 309 (2d ed.1982)).

Defendant contends that evidence implying that he was involved in a homicide was improperly admitted at trial.  During the testimony of co-defendant Rodriguez, he was asked by the Government to explain to the jury the circumstances under which he was fired by the Philadelphia Police Department.

> Q. Okay.  And have you ever been employed as a police officer?
> A. Yes.
> Q. Where?
> A. Philadelphia.
> Q. Okay.  How long were you a police officer?
> A. Three years.
> Q. From when to when?
> A. From 1984 to 1987.
> Q. And were you fired?
> A. Yes.
> Q. Why?
> A. Because I -- I told the Defendant that they were going to come and ask him questions.
> Q. I don't want to get into all the gory details, but just so folks understand what you're talking about, what do you mean by that?
> A. I was interfering in an ongoing investigation.
> Q. What did you do?
> A. I told the Defendant that the Homicide was looking -

(Tr. 170-71, June 6, 2006.)  Defense counsel objected to Rodriguez's statement and the objection was sustained.  (Tr. 171, June 6, 2006.)  Defendant now contends that this was evidence of prior bad acts that was highly prejudicial and justifies the granting of a new trial.

6

Initially, we note that there was nothing in Rodriguez's answer that indicated that he was referring to Reginald Young when he made this statement.  In fact, when Rodriguez referred to Defendant Young during his testimony, he referred to him as "Reggie."  (*See* Tr. 143, 146, 147, June 6, 2006.)  In addition, Defense Counsel objected to this fleeting reference and the objection was sustained.  (*Id.*)  The jury was specifically instructed at the beginning of the trial and in the final instructions that "any proposed testimony, or any proposed exhibit to which an objection was sustained should be entirely disregarded." (Tr. 164, June 7, 2006.)  Absent information to the contrary, juries are presumed to follow the court's instructions.  *United States v. Lloyd*, 269 F.3d 228, 241 (3d. Cir. 2001).  We have no reason to believe the jury did not follow the Court's instructions in this instance.

Defendant also contends that the Court erred when it admitted evidence at trial of a vacuum heat sealer, normally used for preserving food, and United States Currency seized during a search of Defendant's residence.  Prior to trial, the Government filed a Motion in Limine to Admit Evidence Under Fed. R. Evid. 404(b).  (Doc. No. 115)  The Government advised that this evidence would corroborate the testimony of co-defendant Rodriguez.  (*Id.*)  We delayed ruling on the Motion until Rodriguez testified.  At trial, Rodriguez testified that, during the course of the conspiracy, he observed Defendant use a heat sealer to package drug money.  (Tr. 175-76, June 6, 2006.)

Clearly, even though the search of Defendant's residence occurred months after the conspiracy ended, admission of the heat sealer and the currency served to corroborate Rodriguez's testimony.  *See United States v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1982) (noting that the enumerated purposes of Fed. R. Evid. 404(b) are not exclusive and are

admissible for any purpose other than to show mere propensity).  Moreover, there is nothing

particularly prejudicial about the admission of this evidence since neither a heat sealer nor

currency would necessarily implicate Defendant in any crime or wrongdoing absent other

evidence.[2]  Finally, the Court discussed with counsel a jury instruction concerning this evidence

and Defense counsel advised that no instruction was necessary.  (Tr. 195-96, June 7, 2006; Doc.

No. 154 at 16.)

We are satisfied that it was not error to admit this evidence.

### C.      Violations of Due Process

Finally, Defendant seeks a new trial on the grounds that his due process rights were

violated because the narcotics seized from Rodriguez and Ramirez were not offered into

evidence at trial.  Defendant argues that the destruction of the drugs by the Government violated

his due process rights.

The drugs in this case were not destroyed.[3]  Although the drugs themselves were not

offered into evidence at trial, photographs of the drugs were offered and both Rodriguez and

Ramirez testified with regard to the drugs.  More importantly, Defendant and his counsel

stipulated to the nature and quantity of the drugs seized from Rodriguez and Ramirez.  Defendant

signed a Stipulation that 4.1 kilograms of cocaine and 917 grams of heroin were seized from

---

[2] The purpose of the heat sealer is ostensibly to preserve food.  The amount of currency seized, $7,300, also is not so large an amount of cash as to immediately raise suspicion, as noted by Defense counsel.  (Tr. 253, June 6, 2006.)

[3] The Government initially indicated that the drugs had been destroyed.  In the Government's response to Defendant's Motion for a New Trial, the Government states that Special Agent Powell was mistaken in his belief that the drugs had been destroyed, and that the drugs are still intact and available for inspection by Defendant.  (Doc. No. 154 at 20.)

Ramirez and Rodriguez.  (*See* Tr. Ex. 100.)  In addition, the DEA lab reports were admitted at trial without objection.  (*See* Tr. Exs. 22(a)-(b).)  Furthermore, the defense here was not that the transfer of drugs never occurred.  Rather, the defense was that Rodriguez and Ramirez were the participants in the drug transaction and Defendant was not involved.  (Tr. 5, June 6, 2006.)

Defendant also argues that his due process rights were violated by the jury's failure to deliberate for an adequate amount of time.  The Third Circuit has held that a "court should not permit a jury verdict to stand where there has been a 'showing that the jury was biased or acted capriciously or unreasonably.'"  *Nelson v. Keefer*, 451 F.2d 289, 295 (3d Cir.1971) (citing *Derewecki v. Pennsylvania R. Co.*, 353 F.2d 436, 444 (3d Cir.1965)).  However, "the brevity with which a jury reaches its verdict does not, standing alone, substantiate a claim of capriciousness."  *Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 983 (3d Cir. 1972).  Moreover, we are aware of no constitutional due process right to have a jury deliberate for a specified period of time.

It appears that the jury here deliberated for at least four hours.[4]  Considering the overwhelming nature of the evidence this is more than sufficient.  *See United States v. Lawrence*, 405 F.3d 888 (10th Cir. 2005) (noting in a trial with thirty-six counts that could be easily divided into four categories, a two and one half hour deliberation was not "so short a time as to obviate a serious discussion of the issues.").  There is no reason to believe the jury in this case was biased or acted capriciously or unreasonably.  Accordingly, Defendant's Motion for judgment of

---

[4] Although the Record does not reveal exactly how long the jury deliberated for, jury deliberations began on June 7, 2006, sometime between 3 PM and 4 PM, concluding by approximately 4:30 PM, (Tr. 160-61, 198-99, June 7, 2006), continued on June 8, 2006 around 9:25 AM, (*see* Tr. 1, June 8, 2006), and lasted through lunchtime (*see* Doc. No. 146).

acquittal or a new trial will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | NO. 05-CR-307 |
| REGINALD YOUNG | : | |

## **ORDER**

AND NOW, this <u>2nd</u> day of January, 2008 upon consideration of Defendant Reginald

Young's Motions For Judgment Of Acquittal And Motion For A New Trial (Doc. Nos. 151, 153,

189) and after a review of the evidence and testimony presented at trial, it is ORDERED that the

Motion is DENIED.

IT IS SO ORDERED.


BY THE COURT:


/s/ *R. Barclay Surrick*
   U.S. District Court Judge