IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-307-3 |
| REGINALD YOUNG | : | |

_____

| | | |
|---|---|---|
| REGINALD YOUNG | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-5518 |
| UNITED STATES OF AMERICA | : | |

**SURRICK, J.**                                                                                            **JANUARY  20  , 2012**

**MEMORANDUM**

Presently before the Court is Petitioner Reginald Young's Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody under 28 U.S.C. § 2255.  (ECF No. 269, 05-307-3.)  For the following reasons, Petitioner's Motion will be denied.

**I.      BACKGROUND**

Petitioner Reginald Young was indicted on one count of conspiracy to distribute 500 grams or more of cocaine, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count One); one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Three).  (Indictment 1, ECF No. 80.)  On June 8, 2006, Petitioner was found guilty by a jury on all three counts.  (Trial Tr. 5-6, June 8, 2006.)

Petitioner pursued several avenues for post-trial relief.  He filed a Motion For Judgment of Acquittal and a Motion For New Trial pursuant to Federal Rules of Criminal Procedure 29 and 33, arguing that the evidence presented was insufficient to support the jury's findings.  (Mot. for Judgment, ECF No. 151.) By Memorandum and Order dated January 2, 2008, we denied the motions observing that the evidence against Defendant was overwhelming.  (Order on Mot. for New Trial, ECF No. 217.)  Petitioner was sentenced to a period of incarceration of 270 months.  (ECF No. 246.)  Petitioner filed an appeal in the Third Circuit Court of Appeals.  (ECF Nos. 250, 253).  In an opinion dated June 30, 2009 the Third Circuit affirmed the judgment of the District Court.  *United States v. Young*, 334 F. App'x 477 (3d Cir. 2009).  The Supreme Court denied a writ of *certiorari* on November 2, 2009.  *Young v. United States*, 130 S.Ct. 524 (2009).  Petitioner now seeks relief on the following seven grounds.

1. Petitioner claims that trial counsel was ineffective for failing to articulate a specific objection to allegedly prejudicial testimony under Federal Rule of Evidence 404(b).  (Pet. 4, Pet'r Mem. 5.)

2. Petitioner faults his appellate counsel for failing to challenge a perceived lack of curative instructions related to allegedly 404(b) prejudicial evidence.  (Pet. 5, Pet'r Mem. 17.)

3. Petitioner contends that trial counsel was ineffective for failing to make a motion for acquittal, pursuant to Federal Rule of Criminal Procedure 29, at the close of the Government's case-in-chief and after the jury's verdict had been submitted. (Pet. 7, Pet'r Mem. 20.)

4. Petitioner argues that trial counsel failed to challenge the sufficiency of a search warrant which law enforcement executed concurrently with his arrest on August 25, 2005. (Pet. 8, Pet'r Mem. 29.)

5. Petitioner claims that trial counsel failed to properly object to a Government witness' testimony about Petitioner's handwriting. (Pet. 13, Pet'r Mem. 36.)

6. Petitioner alleges that trial counsel failed to properly object to the authentication of crime lab reports. (Pet. 14, Pet'r Mem. 38.)

7. Petitioner contends that his sentencing counsel failed to challenge an upward adjustment in the calculation of his base offense level pursuant to U.S.S.G. § 3B1.1. (Pet. 16, Pet. Mem. 55) The grounds for relief cited by Petitioner are frivolous.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may in its discretion hold an evidentiary hearing on a Section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held

if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III. DISCUSSION

In order to make out a claim of ineffective assistance of counsel, "a habeas petitioner must show that his counsel's performance was deficient and that this deficient performance caused him prejudice." *Saranchak v. Beard*, 616 F.3d 292, 301 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In order to show that counsel's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness, which means reasonableness under prevailing professional norms." *United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). Prejudice is established only when the petitioner can show that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (quoting *Strickland*, 466 U.S. at 694).

A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also id.* ("Judicial scrutiny of counsel's performance must be highly deferential."); *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) ("*Strickland*'s standard, although not insurmountable, is highly demanding. . . . Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ.").

### A. Trial Counsel's Failure to Cite Fed. R. Evid. 404(b)

Petitioner claims that he was denied the effective assistance of counsel because his trial counsel failed to specifically cite Federal Rule of Evidence 404(b)[1] when he objected to the testimony of a government witness. (Pet'r Mem. 5.) This claim arises from an exchange between Assistant United States Peter D. Hardy and Ricardo Rodriguez. Rodriguez is a former police officer who had been discharged from the police force for obstruction of justice. Rodriguez was describing the circumstances of his firing by the Philadelphia Police Department:

> Q. Okay. And have you ever been employed as a police officer?
> A. Yes.
> Q. Where?
> A. Philadelphia.
> Q. Okay. How long were you a police officer?
> A. Three years.
> Q. From when to when?
> A. From 1984 to 1987.
> Q. And were you fired?
> A. Yes.
> Q. Why?
> A. Because I -- I told the Defendant that they were going to come and ask him questions.
> Q. I don't want to get into all the gory details, but just so folks understand what you're talking about, what do you mean by that?
> A. I was interfering in an ongoing investigation.
> Q. What did you do?
> A. I told the Defendant that the Homicide was looking -

(Trial Tr. 170-71, June 6, 2006.) Defense counsel objected to Rodriguez's testimony and the objection was sustained. (*Id.* at 171.)

In his Motion for a New Trial, Petitioner cited this testimony, and contended that this exchange was improperly admitted into evidence. According to Petitioner, the mention of "homicide" was highly prejudicial, and justified the granting of a new trial. (Supp. Mot. for New

---

[1] Rule 404(b) of the Federal Rules of Evidence states, in relevant part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Trial 8, ECF No. 189.) We rejected the argument noting that "there was nothing in Rodriguez's answer that indicated that he was referring to [Petitioner] when he made this statement."[2] Moreover, the objection by Defendant's attorney was sustained. (Order on Mot. for New Trial 7.)

Petition now contends that counsel was ineffective for failing to specifically refer to Rule 404(b) in his objection. It is true that Counsel did not explicitly refer to Rule 404(b). However, Counsel immediately objected to Rodriguez's testimony, and his objection was sustained. Petitioner offers no basis for the claim that failure to cite to a specific rule constitutes attorney error.

Furthermore, the jury was specifically instructed at the beginning of the trial and at the close of trial that "any proposed testimony, or any proposed exhibit to which an objection was sustained should be entirely disregarded." (Trial Tr. 164, June 7, 2006.) Absent information which suggests otherwise, we presume that jurors follow the court's instructions. *United States v. Lloyd*, 269 F.3d 228, 241 (3d Cir. 2001). The mere inclusion of the specific number of the Rule in this objection would not have changed the jury's verdict or otherwise affected the outcome of the proceedings. Counsel acted properly in objecting to the testimony, and was not required to cite the Rule in doing so. Counsel's objection was sustained. This was enough. For trial counsel to have done anything more would have simply highlighted the situation. Since

---

[2] Generally, Rodriguez referred to Petitioner as "Reggie" throughout his testimony. (*See* Trial Tr. 143, 146, 147, June 6, 2006.) The context of Rodriguez's statement suggests that Rodriguez was discussing warnings given, while he was a police officer, to an unrelated individual regarding ongoing investigations. There is no apparent connection between those warnings and Petitioner. Moreover, the Government has submitted affidavits from law enforcement agents that establish that Rodriguez was not talking about Petitioner.

Petitioner cannot show that counsel's representation fell below an objective standard of reasonableness, his first claim of ineffective assistance of counsel fails.

### B. Appellate Counsel's Failure to Challenge Lack of Curative Instructions

Petitioner contends that appellate counsel was ineffective for failing to argue that the trial court should have given curative instructions to the jury. (Pet'r Mem. 17.) At trial, neither party requested that such instructions be given. (*Id*.) The Court was under no obligation to *sua sponte* give additional curative instructions which certainly would have drawn additional attention to allegedly prejudicial statements. The approved Third Circuit instruction on Rule 404(b) evidence would have been completely inappropriate and harmful to Petitioner. (*See* Third Circuit Model Jury Instruction 4.29.) Moreover, the Court twice instructed the jury that it was to disregard the subject matter of sustained objections. (*See* Trial Tr. 45, June 5, 2006; Trial Tr.164, June 7, 2006.) Jurors are presumed to follow the Court's instructions. *Lloyd*, 269 F.3d at 241.

Appellate counsel's decision not to raise this issue did not constitute ineffective assistance. The claim lacked merit. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, Petitioner's second claim is denied.

### C. Failure to Raise Motion for Acquittal Under Federal Rule of Criminal Procedure 29

Petitioner argues that trial counsel was ineffective for failing to move for a judgment of acquittal. Specifically, Petitioner claims that trial counsel did not so move, pursuant to Federal Rule of Criminal Procedure 29(a), at the close of the Government's case-in-chief. (Pet'r Mem. 20.) Petitioner also claims that trial counsel did not so move, pursuant to Federal Rule of

Criminal Procedure 29(c), after the jury had returned its verdict. (*Id*. at 23.) Petitioner is simply wrong.

A court is obligated to grant Rule 29 motions if the Government's "evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). At the close of the Government's case, trial counsel asked the Court to grant a "motion for the discharge of the charges." (Trial Tr. 95, June 7, 2006.) Counsel argued that "the government has [not] presented enough information for these charges to be submitted to the jury." (*Id*.) There is no question that Counsel substantively moved for a judgment of acquittal. Whether he uttered the words "Rule 29" is irrelevant. Counsel properly made the motion, which the Court properly denied.

After the jury had returned its verdict, trial counsel filed a Motion For Judgment of Acquittal, pursuant to Rule 29(c). Trial counsel also filed a Motion For A New Trial pursuant to Rule 33. We denied these motions, noting that the evidence "supporting the jury's conclusion that [Petitioner] was guilty on all counts was not only sufficient, it was overwhelming." (Order on Mot. for New Trial 4.)

Trial counsel pursued the proper motions at every appropriate juncture. Accordingly, counsel's performance was not deficient. The uttering of the words "Rule 29" would have changed nothing. As the Third Circuit noted in affirming the judgment of this Court, the evidence of Petitioner's guilt was sufficient to support the jury's finding and the verdict was not against the weight of the evidence. *United States v. Young*, 334 F' Appx. 477, 481 n.3 (3d Cir. 2009). Petitioner's third claim must be denied.

      D.      **Failure to Challenge Sufficiency of Search Warrant**

Petitioner contends that trial counsel failed to challenge the probable cause underlying search warrants executed on the date of his arrest. (Pet'r Mem. 29.) In particular, Petitioner alleges that trial counsel did not contest the sufficiency of two affidavits used by law enforcement to justify the issuance of the warrants. (*Id.*) In addition, Petitioner claims that trial counsel failed to inquire whether Petitioner's prior criminal history was improperly used as justification to issue the warrants. (*Id.* at 31.)

The search warrants in question were executed by law enforcement on August 25, 2005, at two properties located at 1506 and 1508 Lindley Avenue. Philadelphia law enforcement agents obtained keys from Petitioner, and used the keys to enter the second floor apartment at 1508 Lindley Avenue. (Trial Tr. 12, June 7, 2006.) Items seized during the search of the apartment were admitted into evidence at Petitioner's trial. (Resp. at 25.)

"Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness." *United States v. Leon*, 468 U.S. 897, 922 (1984) (citation omitted). In granting an application for a search warrant, a magistrate must have a "substantial basis" for concluding that probable cause is present. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). A magistrate determines the presence of probable cause based on the "totality of the circumstances." *Id.* at 233. The Supreme Court has explained that the "task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238-39. A district court reviews challenges to the sufficiency of a search warrant application under a deferential standard. *See id.* at 235.

"A warrant may issue even in the absence of direct, first-hand evidence" linking the place to be searched with criminal activity. *See United States v. Ritter*, 416 F.3d 256, 262 (3d Cir. 2005) (citations omitted). In this case, however, substantial evidence linked the Lindley Avenue apartments to Young's criminal activity. The search warrants were based partially on information proffered by two informants, who the Affidavit strongly suggests were Petitioner's co-conspirators Rodriguez and Ramirez. (Aff. ¶¶ 7-8.) In fact, the Affidavit actually recites how Rodriguez and Ramirez told the law enforcement agents how they transported drugs from Texas to Philadelphia to be delivered to Petitioner. Petitioner's co-conspirators admitted to participating in criminal activity with Petitioner, and were, at the time, cooperating with the Government. (Gov't. Resp. 27.) There is no reason to doubt that they had an adequate "basis of knowledge" for any statements made to law enforcement, and that their primary motivation was to be truthful.

Moreover, the confidential informants' statements were not the sole, or even the primary, basis for issuance of the warrant. The magistrate judge relied on condensed versions of recorded telephone conversations that implicated Petitioner in ongoing criminal activity. (Aff. ¶ 7.) In addition, seizures of illicit drugs, interceptions of drug-connected currency, and information received from a number of law enforcement agents contributed to the magistrate's determination that probable cause existed to justify a search warrant. (*Id.*)

Given the deference with which district courts treat a magistrate's approval of a search warrant, and the evidence which clearly established probable cause, Petitioner would not have succeeded in a challenge to the sufficiency of the search warrant affidavit. Petitioner's counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Sanders*, 165 F.3d at 253.

Petitioner's claim that trial counsel was ineffective for failing to inquire about the use of his criminal history in the warrant application process is similarly without merit. The sole mention in the affidavit of Petitioner's past criminal history is in a footnote which states that "[Petitioner] is on federal supervised release for bank fraud in violation of 18 U.S.C. § 1344." (Aff. ¶ 4(b) n.1.) The search warrant affidavit here was more than sufficient to support the issuance of the search warrant. The suggestion that the affidavit lacked probable cause is ridiculous. The mention of Petitioner's criminal record does not render the affidavit defective.[3]

Trial counsel would have had no basis upon which to challenge this warrant, and cannot be faulted for failing to do so. Furthermore, given the overwhelming nature of the evidence against Petitioner, which included wiretaps and the testimony of two co-conspirators, the outcome of the proceedings would have been no different without the fruits of the warrant.

Accordingly, Petitioner's fourth claim is denied.

E.  **Failure to Object to Government Witness' Testimony about Handwriting**

Petitioner argues that trial counsel was ineffective for failing to cite two Federal Rules of Evidence in an objection to the admission of testimony about Petitioner's handwriting. (Pet'r Mem. 33.) Specifically, Petitioner claims that had trial counsel cited Rules 701 and 901(b)(2), "the outcome [of the motion] would have been different." (*Id.*) Petitioner states that had trial

---

[3] We note that "[t]he use of prior arrests ... is often helpful" to establish probable cause, particularly where "the previous arrest or conviction involves a crime of the same general nature as the one which the warrant is seeking to uncover." *United States v. Stearn*, 597 F.3d. 540, 557 (3d Cir. 2010). In this case the mention of Petitioner's criminal record was for the purpose of establishing that he lived at 1506 Lindley Avenue and had been seen at 1508 Lindley Avenue. The affidavit recited that Petitioner's probation officer had seen him at those addresses.

counsel "properly objected," the trial court would, "in all probability," have granted a mistrial. (*Id.*)

Rodriguez testified that he had seen Petitioner's handwriting. When the Government asked Rodriguez to identify writing that may have belonged to Petitioner, Petitioner's trial counsel objected. The Court sustained the objection, and instructed the jury to disregard both the question and Rodriguez's answer, telling the jurors to "erase it from your minds" and "not consider it."  (Trial Tr. 188, June 6, 2006.)

Trial counsel cannot be deemed ineffective for failing to cite to specific Rules in making an objection. The Court sustained trial counsel's objection and cautioned the jury to disregard the question and the answer.  There is no basis for alleging that trial counsel's performance was, in any way, deficient. Furthermore, Petitioner's claim that the Court would have granted a mistrial had the objection been differently phrased is wholly devoid of merit.  Accordingly, Petitioner's fifth claim is denied.

### F. Failure to Articulate Specific Objections to Crime Lab Reports

Petitioner contends that trial counsel was ineffective for failing to properly object to Government witnesses' testimony about the authenticity of crime lab reports.  (Pet'r Mem. 36.)

Petitioner and trial counsel entered into a stipulation with the Government that the substances recovered from Ramirez and Rodriguez on July 30, 2004, were 4.01 kilograms of cocaine and 917 grams of heroin, as determined by the Drug Enforcement Agency's (DEA) laboratory.  (Trial Tr. 5, June 6, 2006 & Gov't. Ex. 100.) Petitioner further stipulated that the laboratory reports were admissible at trial. (*See* Trial Tr. 5-6, June 6, 2006 & Gov't. Exs. 22A, 22B.)  At trial, a law enforcement agent testified about the tests conducted on the recovered

substances. (Trial Tr. 90-91, June 5, 2006). The agent further testified that, after the testing had been completed, the substances had been destroyed. (*Id*. at 89.)

After the agent's testimony, Petitioner's counsel asked the Court for permission to withdraw the stipulation, on the grounds that Petitioner was unaware that the drugs had been destroyed.[4] The Court denied Petitioner's request, noting that Petitioner's defense was not that the transfer of drugs had never occurred, but rather that Petitioner was not connected to the Rodriguez and Ramirez drug transaction. (Trial Tr. 2-5, June 6, 2006.)

Petitioner offers no basis for concluding that trial counsel's performance was deficient. Petitioner's trial counsel stipulated to the DEA crime lab report because Petitioner's defense necessarily admitted that the substances in question were, in fact, illicit drugs. Petitioner's counsel further attempted to withdraw the stipulation upon Petitioner's request. That the Court denied Petitioner's attempt to withdraw the stipulation does not reflect on trial counsel's performance.

Petitioner cannot demonstrate that trial counsel was ineffective for stipulating to the crime lab reports. Such stipulations are commonplace, especially in cases that are being defended as was this one. Accordingly, Petitioner's sixth claim is denied.

### G.     Failure to Challenge Adjustment Under U.S.S.G. Section 3B1.1(c)

Petitioner's final claim is that his sentencing counsel was ineffective for failing to properly challenge an upward adjustment in the calculation of Petitioner's suggested sentence

---

[4] Although the Government initially indicated that the substances had been destroyed, while post trial motions were pending, the Government advised that the testifying agent had been incorrect. According to several Government submissions, the drugs are still intact and available for inspection by Defendant. (Gov't. Resp. to Mot. for New Trial 20, ECF No. 154; Gov't. Resp. 35.) Petitioner has never sought to have the drugs tested.

range under the United States Sentencing Guidelines ("U.S.S.G."). (Pet'r Mem. 38.) Specifically, Petitioner alleges that sentencing counsel did not object to the addition of two points to his "base offense level" pursuant to U.S.S.G. § 3B1.1(c) for an aggravated role in the offense. As a result of the adjustment, Petitioner's base offense level of 32, which reflected the quantity of illegal drugs at issue in the case, was raised to 34. Petitioner's criminal history category was V. With an adjusted offense level of 34 and a criminal history category of V, Petitioner's sentencing guidelines were 235 to 293 months.

Section 3B1.1(c) of the U.S.S.G. provides for a two-level enhancement if the defendant was "an organizer, leader, manager, or supervisor in any criminal activity other than described in subsections (a) and (b)."[5] A supervisor is defined as a person who exercises a degree of control over other individuals involved in the commission of the crime. *United States v. DeGovanni*, 104 F.3d 43, 46 (3d Cir. 1997). To qualify as a supervisor, a defendant need only direct or control the actions of one other participant. *United States v. BethanCourt*, 65 F.3d 1074, 1081 (3d Cir. 1995).

There was ample evidence to support the finding that Petitioner acted in a supervisory role. In fact, the Third Circuit specifically affirmed the finding that Petitioner acted in a supervisory role. *United States v. Young*, 334 F' Appx. 477, 482(3d Cir. 2009). During Petitioner's trial, the Government presented evidence that Petitioner had directed his co-conspirators' actions on several occasions. For example, Rodriguez had traveled across state lines at Petitioner's behest. Petitioner had instructed Rodriguez on where and when to meet

---

[5] U.S.S.G. § 3B1.1(a)-(b) imposes four- and three-level enhancements for defendants, if the involvement was more significant or the criminal activity in question more extensive.

Ramirez, and discussed details of the drug sale that led to Rodriguez's arrest. (Gov't. Resp. 38, ECF No. 279.)

In any event, sentencing counsel did challenge the upward adjustment. In a March 26, 2008 letter, Petitioner challenged the United States Probation Office's Presentence Investigation Report ("PSR"), and notified the Court of its objections to the Probation Office's §3B1.1(c) finding. The Court ultimately agreed with the PSR, and imposed a sentence of 270 months imprisonment, which was within the guideline range of 235 to 293 months.

Petitioner's sentencing counsel challenged the two-point adjustment in the calculation of Petitioner's U.S.S.G. range. Consequently, there is no basis for the claim that counsel's performance was deficient. Accordingly, Petitioner's seventh claim is denied.

IV.  CONCLUSION

For the foregoing reasons, Petitioner's Motion will be denied with prejudice. No certificate of appealability will be issued.

An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.